## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| HECTOR GAGARIN, ELIZA CASUGAY, BETTY KLINE, and NENITA LATAXES,<br><br>Plaintiffs/Counter-Claim Defendants,<br><br>vs.<br><br>MARC A. GAGARIN and ROSALINA A. GAGARIN,<br><br>Defendants/Counter-Claim Plaintiffs. | Superior Court Case No. CV0033-13<br><br>**DECISION AND ORDER RE MOTION TO ENFORCE FAMILY SETTLEMENT AGREEMENT** |

The Court here considers whether an accounting is necessary to complete the parties' settlement. After concluding that this Court may enforce the terms of the settlement agreement, the Court finds the present accounting provided by Counterclaimant Marc Gargarin is not adequate to finalize the parties' settlement. The Court also intends to appoint a Master to complete the accounting. The Court thus GRANTS Plaintiffs' Motion to Enforce Family Settlement Agreement.

## I.    PROCEDURAL BACKGROUND

There are two sets of siblings in this action: the Plaintiffs/Claimants consist of Hector Gagarin, Eliza Casugay, Betty Kline and Nenita Lataxes; the Defendants/Counterclaimants consist of Marc Gagarin and Rosalina Gagarin. This litigation concerns property owned by their father, Edward L. Gagarin, who is deceased. *See* Compl. (Jan. 19, 2013).

## ORIGINAL

To settle the family dispute, the parties signed a Settlement Agreement Release and Waiver "which resolved all pending issues between the parties." Stip. J. ¶ 2 (Oct. 7, 2014). Under the settlement, the parties agreed to sell four properties. Stip. J., Ex. A at ¶ 1(a). Upon completion of the sale of three properties, Counterclaimants agreed to place into escrow all monies received as rental income from the four properties since the date of Edward's passing, "minus the cost of maintaining the properties, expenses related to maintaining the properties, and the 25% administrative fees from the gross rental payments received since" Gargarin's death. Stip. J., Ex. A at ¶ 1(e). The parties defined "administrative" work to include, but not be limited to, arranging for insurance, property maintenance, improvement and repairs, interviewing prospective tenants and advertising for rent, collecting rent and evicting nonpaying tenants, maintaining the business licenses, paying various taxes, and accounting. Stip. J., Ex. A at ¶ 1(e). Upon completion of all property sales, the proceeds were divided among the parties. Stip. J., Ex. A at ¶ 1(g).

The settlement included a release: "All parties shall generally and fully release each other from any and all liability arising from the relations and transactions between the parties as herein provided." Stip. J., Ex. A at ¶ 4. They also released unknown claims: "Release of Unknown Claims. The parties in making this settlement agreement, and particularly in reference to the release and waiver included herein, hereby acknowledge and agree that there is a risk that subsequent to the execution of this settlement agreement, the parties, each or any of them, may or will incur or suffer monetary or other loss, injury, damage, or any of these, which is in some way caused or effected by, related to, connected with the relations of the parties and their business dealings, but which loss, injury, or damage is unknown at the time of the signing of this agreement . . . ." Stip. J., Ex. A at ¶ 5. Acknowledging such unknown claims exist, the parties

ORIGINAL

"intend[] by this settlement agreement, to waive the benefits of" 18 GCA § 82606, which states

that a general release does not extend to unknown claims. Stip. J., Ex. A at ¶ 5

The parties also agreed for the Court to hear any disputes over the subject matter of this

Settlement, and submitted a Stipulated Judgment which gave this Court continuing jurisdiction

until all settlement terms had been complied with. Stip. J., Ex. A at ¶ 11.

It is undisputed that all four properties are now sold. Following the final sale, Marc

produced an accounting. The Claimants challenge Marc's accounting as inadequate and also

challenge Marc's distribution of funds to a relative's wedding and for funerals, and payment of

taxes and attorney's fees.

## II.    LAW AND DISCUSSION

Guam courts apply traditional contract principles to the interpretation of settlement

agreements. *Blas v. Cruz*, 2009 Guam 12 ¶ 11; *Camacho v. Camacho*, 1997 Guam 5 ¶¶ 30-35.

Hence, "effect must be given to the mutual intention of the parties as it existed at the time of

entering into the settlement agreement." *Lujan v. Lujan*, 2012 Guam 7 ¶ 30 (citing *Leon*

*Guerrero v. Moylan*, 2000 Guam 28 ¶ 8. Where the settlement agreement is committed to a

writing, this mutual intention of the parties should be ascertained from the writing alone. *Id.* To

analyze a writing, Guam courts "begin by looking at the plain meaning . . . in order to determine

whether ambiguity exists." *Hart v. Hart*, 2008 Guam 11 ¶ 20.

Counterclaimants rely heavily on the general releases, and particularly the releases of

unknown claims to estop Claimants from seeking an accounting. However, the parties also

agreed that there may exist disputes over the subject matter of the settlement, in which case the

Court has jurisdiction to resolve such disputes. The release therefore did not apply to disputes

concerning the parties' obligations under the settlement agreement.



ORIGINAL

This follows a body of caselaw which recognizes that courts have jurisdiction to consider and address breaches of settlement agreements. *See, e.g., Wagner v. Spurlock*, 803 N.E.2d 1174, 1180 (Ind. App. 2004); *Aro Corp v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir. 1976) ("It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them"); *Brewer v. National R.R. Passenger Corp.*, 649 N.E. 2d 1331, 1333 (Ill. 1995) ("A trial court has the power to enforce a settlement agreement entered into by the parties while the suit is pending before the court."); *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658-59 (Tex. 1996) ("Where the settlement dispute arises while the trial court has jurisdiction over the underlying action, a claim to enforce the settlement agreement should, if possible, be asserted in that court under the original cause number.").

Some expenses in Counterclaimants' accounting do not fall under the category of "administrative" work. When examined in its plain language, administrative work encompassed work concerning the properties: maintaining and improving the properties, recruiting tenants, and paying taxes. While this is not an exclusive list, the plain and reasonable interpretation of this provision excludes non-administrative work. Non-administrative work would include, for example, a payment for a wedding gift to "Isa" in 2018, and funeral expenses for relatives in 2017. The settlement agreement also contains no provision that permitted Counterclaimants to deduct wedding and funeral donations under any other category of permitted deduction. Thus, Counterclaimants' accounting which deducts these expenses was in breach of the settlement agreement.

Claimants also seek documents supporting the payment of taxes and question whether the expended attorney's fees relate to the property maintenance, as opposed to attorney's fees for litigation-related reasons. The Court concludes that these are reasonable inquiries related to the

ORIGINAL

settlement and the appropriate amounts to be disbursed among the parties. The Court finds it appropriate to appoint a Master to conduct an accounting in line with the Court's findings here, i.e., to receive evidence if necessary and to make recommended findings as to the appropriate calculations of the amounts owed to each party.

## III.    CONCLUSION AND ORDER

The Court has jurisdiction to enforce the terms of the settlement agreement and ensure that a proper accounting supports the distribution of settlement proceeds. The Court therefore GRANTS the Motion to Enforce Family Settlement Agreement.

To enforce the Settlement Agreement, the Court finds two alternatives may be appropriate. First, the parties may submit this dispute to mediation or to a settlement conference judge. If the parties wish to avail of this route, within 14 days of this Decision and Order, they may file a joint request either for mediation or a settlement conference.

Second, if the parties do not wish to mediate or attempt to settle the present dispute, the Court intends to appoint a Master to receive evidence and make findings as to an appropriate distribution, as explained below.

## IV.    INTENTION TO APPOINT A MASTER

Pursuant to Guam Rule of Civil Procedure 53, the Court gives notice of its intent to appoint a Master to perform an accounting consistent with the terms of the Settlement Agreement and the Court's decision herein. The Court notifies the parties that Magistrate Judge Benjamin Sison is available act as Master, and the Court intends to appoint him absent the parties' agreement on a separate candidate. GRCP 53(i).

Unless the parties have otherwise agreed to mediation or a settlement conference, within 14 days of this Decision and Order the parties may: (1) file objections to the Court's intention to

ORIGINAL

appoint Magistrate Judge Sison; (2) nominate other persons to serve as Master (along with their contact information and professional or educational background) for the Court's consideration; and (3) advise the Court as to a recommended budget for a private Master. Seven days thereafter, the parties may file objections to the Master candidates nominated by the other party.

Upon review of the parties' submissions, the Court will consider nominees and determine which nominee is best suited to serve as Master based on availability, qualifications, ability to complete the task without undue delay, cost and potential conflicts. GRCP 53(a)(2). Once a Master is selected, the Court will issue an Order Appointing Master.

SO ORDERED this 16th day of October 2019.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

...ledge that a copy of the
...reto was placed in the

Berman

Gumataotao

10/16/19

...uty Clerk, Superior Court of Guam

Appearing Parties:
Michael J. Berman, Esq., Berman O'Connor & Mann, for the Plaintiffs/Counter-Claim Defendants Hector Gagarin, Eliza Casugay, Betty Kline, and Nenita Lataxes
Gary W.F. Gumataotao, Esq., Law Offices of Gumataotao & Pole, P.C., for the Defendants/Counter-Claim Plaintiffs Marc A. Gagarin and Rosalina A. Gagarin

ORIGINAL